# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| SIERRA R.V. CORPORATION, a Utah corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>HEARTLAND RECREATIONAL VEHICLES, LLC, an Indiana limited liability company,<br><br>Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 1:19-cv-00014-PMW<br><br><br><br><br><br>Chief Magistrate Judge Paul M. Warner |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Plaintiff and Counterclaim Defendant Sierra R.V. Corporation's ("Sierra") motion for preliminary injunction.[2] The court has carefully reviewed the written memoranda submitted by the parties on that motion. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 10.

[2] *See* docket no. 16.

## BACKGROUND

Sierra is a recreational vehicle dealer with its principal place of business in Marriott-Slaterville, Utah. Defendant and Counterclaim Plaintiff Heartland Recreational Vehicles, LLC ("Heartland") is a manufacturer of recreational vehicles that conducts business in Utah.

Sierra alleges that it entered into an exclusive territory agreement with Heartland, under which Heartland agreed to provide Sierra with an exclusive market for Heartland's Road Warrior product line for a portion of the State of Utah. Sierra also alleges that Heartland breached the agreement by allowing another dealer to sell Road Warrior products within that exclusive market. Heartland contends that it never entered into any formal agreement with Sierra.

In the motion before the court, Sierra seeks a preliminary injunction that would (1) prohibit Heartland from providing any Road Warrior products to any retailer doing business within the exclusive market, (2) prohibit Heartland from representing the public that Road Warrior products can be acquired in the exclusive market from any entity other than Sierra, and (3) require Heartland to secure the return of all Road Warrior products Heartland supplied to retailers other than Sierra in the exclusive market, to the extent Heartland can lawfully do so.

## ANALYSIS

The Tenth Circuit "will only set aside a denial of a preliminary injunction if it is based on an error of law or constitutes an abuse of discretion." *Keirnan v. Utah Transit Auth.*, 339 F.3d 1217, 1220 (10th Cir. 2003) (quotations and citations omitted). In order to obtain a preliminary injunction, Sierra must establish the following four factors:

> (1) it will suffer irreparable harm if the injunction is not granted,
> (2) its threatened injury outweighs the harm caused to the opposing party as a result of the injunction, (3) the injunction is not adverse

> to the public interest, and (4) it has a substantial likelihood of
> success on the merits of the case.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

> In examining these factors, courts have consistently noted that
> [b]ecause a showing of probable irreparable harm is the single
> most important prerequisite for the issuance of a preliminary
> injunction, the moving party must first demonstrate that such
> injury is likely before the other requirements for the issuance of an
> injunction will be considered.

*Id*. (quotations and citations omitted) (alteration in original).

"Determining whether irreparable harm exists can be a difficult and close question." *Id*. at 1262. The Tenth Circuit has "noted that [t]he concept of irreparable harm . . . does not readily lend itself to definition, nor is it an easy burden to fulfill." *Id*. (quotations and citations omitted) (alterations in original).

"Irreparable harm is not harm that is merely serious or substantial. [T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotations, citations, and emphasis omitted) (alteration in original). "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Id*. (quotations and citations omitted). "Purely speculative harm will not suffice, but rather, [a] plaintiff who can show a significant risk of irreparable harm has demonstrated that the harm is not speculative and will be held to have satisfied his burden." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (quotations and citation omitted) (alteration in original). "Moreover, wholly conclusory statements do not amount to irreparable harm." *Advisors Excel, LLC v. Zagula Kaye Consulting, LLC*, No. 15-4010-DDC-

KGS, 2015 WL 736344, at *3 (D. Kan. Feb. 20, 2015) (citing *Dominion Video Satellite, Inc.*, 356 F.3d at 1261).

The Tenth Circuit has "held that a plaintiff satisfies the irreparable harm requirement by demonstrating a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages." *RoDa Drilling Co.*, 552 F.3d at 1210 (quotations and citations omitted); *see also Heideman*, 348 F.3d at 1189 ("It is . . . well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages.").

In support of its request for a preliminary injunction, Sierra argues that it will suffer irreparable harm that cannot be compensated through monetary damages. Specifically, Sierra argues:

> It is impossible to determine how many sales have or will be lost based on Heartland's prohibited expansion of the market. Similarly, there is no way to place a monetary value on the consumer goodwill that Sierra has and will lose as a result of having competitors undercut its prices in the [exclusive market]. It is impossible to determine with any remote level of certainty how many customers would have otherwise purchased Road Warrior products from Sierra if not for Heartland's breach, or how many purchasers would have become repeat customers after establishing a relationship with Sierra.[3]

The court concludes that those arguments are not only speculative and theoretical, but also wholly conclusory. Furthermore, the court is not persuaded that Sierra risks experiencing harm that could not be compensated by monetary damages. Accordingly, the court concludes that Sierra has failed to establish that it will suffer irreparable harm.

---

[3] Docket no. 16 at 10-11.

The court acknowledges the Tenth Circuit has noted that "irreparable harm often arises from the breach of an exclusivity clause." *Dominion Video Satellite, Inc.*, 356 F.3d at 1263. However, the Tenth Circuit has also noted that

> [d]espite the general acknowledgment that irreparable harm often arises from the breach of this type of agreement, courts do not automatically, nor as a matter of course, reach this conclusion. Rather, they examine whether the harms alleged by the party seeking the preliminary injunction are in fact irreparable, and sometimes conclude in the negative.

*Id*. In this case, as stated above, the court concludes that Sierra has not shown that any harm it risks suffering is in fact irreparable.

Sierra's delay in seeking preliminary injunctive relief also weighs against a determination that Sierra will suffer irreparable harm unless its requested preliminary injunction is issued. *See, e.g.*, *Close to my Heart, Inc. v. Enthusiast Media LLC*, 508 F. Supp. 2d 963, 971 (D. Utah 2007) (concluding that the plaintiff's "claim of irreparable harm is undermined because it has delayed in pursuing a preliminary injunction") (citing *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984)). Sierra filed its complaint in this case on January 15, 2019, and the case was removed to this court on February 26, 2019.[4] Importantly, Sierra did not file its motion for preliminary injunction until April 30, 2019, over three months after it filed its complaint and approximately two months after the case was removed to this court.

Because the court concludes that Sierra has not established that it will suffer irreparable harm if the preliminary injunction it requests is not issued, the court need not address the remaining factors for issuance of a preliminary injunction. *See First W. Capital Mgmt. Co. v.*

---

[4] *See* docket no. 2.

*Malamed*, 874 F.3d 1136, 1143 (10th Cir. 2017) (concluding that the remaining preliminary injunctions factors need not be considered if the movant cannot show irreparable harm).

## **CONCLUSION AND ORDER**

Based upon the foregoing analysis, Sierra's motion for preliminary injunction[5] is DENIED.

IT IS SO ORDERED.

DATED this 28th day of June, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] *See* docket no. 16.